### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER EDWARD WALKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-65-G |
| | ) |
| JOHN MASQUELIER, | ) |
| | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (ECF No. 1). United States District Judge Charles B. Goodwin has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be **DISMISSED** on filing as untimely.

### I.    PROCEDURAL BACKGROUND

On November 30, 2020, in Oklahoma County District Court Case Nos. CF-2017-1539, CF-2019-2319, and CF-2020-5513, Mr. Walker pled guilty to multiple criminal charges and was sentenced accordingly. *See* ECF No. 1:1; *State of Oklahoma v. Walker*, Case Nos. CF-2017-1539, CF-2019-2319, and CF-2020-5513 (Okla. Co. Dist. Ct. Nov. 30, 2020).[1]

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Petitioner did not seek to withdraw his pleas, and thus failed to perfect direct appeals in his cases. *See State of Oklahoma v. Walker* Case Nos. CF-2017-1539, CF-2019-2319, and CF-2020-5513 (Okla. Co. Dist. Ct.); *see York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003). In all three cases, on June 26, 2023, Mr. Walker filed an application for post-conviction relief in the Oklahoma County District Court by seeking DNA forensic testing. *See State of Oklahoma v. Walker*, Case Nos. CF-2017-1539, CF-2019-2319, and CF-2020-5513 (Okla. Co. Dist. Ct. June 26, 2023).

The District Court denied relief in all three cases and on January 30, 2024, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denials. *See* Order Affirming Denial of Motion for Post-Conviction DNA Testing, *Walker v. State of Oklahoma*, Case No. PC-2023-648 (Okla. Ct. Crim. App. Jan. 30, 2024). Two post-conviction applications, denials, and affirmances followed. *See Walker v. State of Oklahoma*, Case Nos. PC-2024-674, PC-2025-671 (Okla. Ct. Crim. App. Sept. 24, 2024 & Oct. 29, 2025). On January 15, 2026, Mr. Walker filed a Petition for habeas relief in this Court. (ECF No. 1).

## II.    SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present

his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). Finally, a Court may dismiss a § 2254 habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008).

## III.   AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of;

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C), or (D), the limitations period generally begins to run from the date on which the

conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Under subsection (A), Petitioner's limitations period began to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing. *See Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015). In Case Nos. CF-2019-2319 and CF-2020-5513, Petitioner filed an untimely motion to withdraw his plea, but he later withdrew the motions. *See* Order Affirming Denial of Post-Conviction Relief, at p. 2 n.1, *Walker v. State of Oklahoma*, Case No. PC-2025-671 (Okla. Ct. Crim. App. Oct. 29, 2025). Petitioner did not file a motion to withdraw in Case No. CF-2017-1539. *See State of Oklahoma v. Walker*, Case No. CF-2017-1539 (Okla. Co. Dist. Ct.). Thus, Petitioner's plea-based convictions in all three cases became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on December 10, 2020, when the time expired for him to move to withdraw his guilty pleas. *See Riley v. Addison*, 2013 WL 4782382, at *3 (W.D. Okla. Sept. 6, 2013) (finding habeas petitioner who withdrew his motion to withdraw his guilty plea "did not seek to timely withdraw his plea or seek a direct appeal ..., so his conviction became final ... ten days after entry of the Judgment and Sentence") (citing *Edwards v. Keith,* 2008 WL 162624 (E.D. Okla. Jan. 15, 2008) aff'd, 276 F. App'x 768 (10th Cir. 2008). Therefore, Petitioner's one-year statute of limitations to file a habeas petition began the following day, December 11, 2020 and, without tolling, expired on December 13, 2021.[2]

---

2 Because the one-year limitations period fell on Saturday, December 11, 2021, Petitioner had until the following Monday, December 13, 2021, to file his habeas petition. *See* Fed.R.Civ.P. 6(a)(1)(C); *Alexander v. Zavaras*, 424 F. App'x 738, 740, n. 1 (10th Cir. 2011).

But Mr. Walker filed the habeas petition on January 15, 2026, over four years after the limitations period had expired. (ECF No. 1). Thus, absent any statutory or equitable tolling, the action is untimely.

## IV.    STATUTORY TOLLING

The AEDPA limitations period is tolled pending adjudication of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. *See* 28 U.S.C. § 2244(d)(2). Here, Mr. Walker filed his first of three Applications for Post-Conviction Relief in the Oklahoma County District Court on June 26, 2023. *See supra*. But Petitioner is not entitled to any period of tolling for either post-conviction application because this and subsequent applications were each filed after the AEDPA limitations period had already expired on December 13, 2021. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) ("[A] petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it."). Accordingly, unless equitable tolling or another exception applies, the Petition is untimely.

## V.    EQUITABLE TOLLING

The AEDPA limitations period may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 634 (2010). But this form of tolling is only available when an extraordinary circumstance stood in the petitioner's way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). And, even when the circumstances are extraordinary, equitable tolling is only available when the petitioner has been diligent in the pursuit of his habeas claims. *See Holland,* 631 U.S. at 653. Under this standard, the petitioner bears a "'strong burden to show specific facts.'" *Yang v. Archuleta*, 525 F.3d

925, 928 (10th Cir. 2008) (citations omitted). Petitioner does not argue that he is entitled to any type of equitable tolling. *See* ECF No. 1. Thus, the Court should find that equitable tolling would not extend his limitations period.

## VI.    ACTUAL INNOCENCE EXCEPTION

"[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *See McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 383, 392, 401; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin v. Perkins*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner does not attempt to argue that he is actually innocent of any of the crimes of conviction. *See* ECF No. 1. Thus, the Court should find that he is not entitled to benefit from any additional time under this provision.

## VII.   SUMMARY

Under  § 2244(d)(1)(A), Petitioner's convictions became final on December 10, 2020 and the one-year habeas limitations expired on December 13, 2021. Petitioner is

neither entitled to any statutory or equitable tolling, nor is he entitled to any additional time under the "actual innocence" exception. Ultimately, because Petitioner waited until January 15, 2026 to file his Petition, the Court should dismiss it as untimely.

## VIII.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Petition be **DISMISSED** as untimely.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 27, 2026**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IX.    STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on March 10, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE